UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

| | |
|---|---|
| James Ernst, § § Plaintiff, § § versus § § Methodist Hospital System, § § Defendant. § | Civil Action H-18-766 |

# Opinion on Summary Judgment

1.     *Introduction.*

James Ernst worked for the Houston Methodist Hospital. He was fired for making sexual gestures to a job candidate. Ernst filed a complaint with the Equal Employment Opportunity Commission saying that the Hospital discriminated against him for being white. After the EEOC exonerated the Hospital, he sued the Hospital for sexual-orientation and race-based discrimination. Ernst's claim of sexual-orientation discrimination was dismissed. The parties moved for a summary judgment on race-based discrimination. The Hospital will prevail.

2.     *Background.*

James Ernst identifies as a Caucasian, homosexual man. In June 2013, the Houston Methodist Hospital hired Ernst as a transportation analyst. He was responsible for optimizing the planning and provision of transportation services for the Hospital. The following year, the Hospital promoted Ernst to senior transportation analyst, a more substantive position that included supervising lower analysts. One of the lower analysts Ernst supervised was an African-American man named Gregory Cubit.

In 2015, Cubit's co-worker accused him of sexual harassment. The Hospital interviewed Ernst and several other witnesses, but took no action against Cubit because the claims lacked merit.

In January 2016, a job candidate complained to the Hospital that, after smiling and winking at him, Ernst grabbed and rubbed his penis and nodded as a signal for him to follow Ernst to the restroom.

The Hospital investigated and Ernst and three witnesses were interviewed. Ernst denied the allegation saying that after the candidate left the desk he stood near the hallway, checked his phone for Wi-Fi, and talked to a co-worker. He acknowledged that he may have unconsciously adjusted himself in a way that could be mistaken as rubbing his penis, but said that he and the candidate never communicated. That same day, the Hospital suspended Ernst.

The Hospital's human resources department reviewed surveillance footage and noted that Ernst's left hand did seem to move downward towards his crotch as he looked over his shoulder at the candidate. They also noted that, contrary to Ernst's recount, he was not holding a cell-phone. After watching the footage, the HR department interviewed Ernst again and documented inconsistencies in his explanation of his whereabouts, positioning, and actions.

On February 2, 2016, the Hospital fired Ernst for (a) leaving his office unattended; (b) being dishonest during the investigation; and (c) violating workplace policy by nodding his head towards a visitor in an offensive and intimidating way.

The Hospital gives its workers three chances to appeal their termination. Within a week of being fired, Ernst filed his first appeal. His file was reviewed by a white HR director, Sheila Coggins. She met with Ernst, reviewed the basis of his appeal, and read the HR department's notes. Ernst denied ever rubbing his genitals and said that the security manager who reviewed the video was probably biased. He also clarified that the encounter happened before his shift started, so Coggins amended his file to remove him leaving his office unattended as a reason for his termination. She determined that the evidence supported Ernst's termination.

Ernst filed a second appeal. His file was reviewed by the Hospital's white senior vice president of HR, Carole Hackett. She determined that the complaint, Ernst's version of events, and the footage supported Ernst's termination.

Ernst filed his third and final appeal. The Hospital assembled a committee of its workers who varied in rank and department. Notably, the committee included both white and non-white members. After speaking with Ernst, interviewing witnesses, and reviewing the documentation and the footage, they upheld Ernst's termination.

On June 27, 2016, Ernst filed a charge against the Hospital for race discrimination with the Equal Employment Opportunity Commission. The Hospital filed a position statement and the EEOC found no wrongdoing.

On May 7, 2018, Ernst sued the Hospital for discrimination for his sexual orientation and race. Ernst's sexual-orientation claim was dismissed for failure to exhaust his administrative remedies. The parties moved for a summary judgment on race discrimination under Title VII.

3. *Discrimination.*

Ernst fails to make a *prima facie* case for discrimination. Ernst must show that he (a) is a member of a protected class; (b) was qualified for his job; (c) was subject to an adverse employment action; and (d) was replaced by someone outside his protected class or was treated less favorably than other similarly situated workers outside his class.[1]

Neither party disputes that Ernst is a white man, that he was competent, or that he was terminated. The question then is whether Ernst was replaced by or treated less favorably than a comparable worker who is not white.

A worker is comparable if they have the same responsibilities, share the same supervisor or have their employment status determined by the same person, or have comparable violation histories. The comparator and his conduct must be nearly identical to Ernst's, despite receiving a different outcome.[2]

Ernst says that Cubit was a comparator who replaced him after he was fired. He says that Cubit was accused of sexual harassment twice, yet was never fired because he is African-American.

First, Cubit is not a comparator because he and Ernst did not have the same job title or duties. Cubit was a transportation analyst whereas Ernst was a senior transportation analyst – two distinct positions with different responsibilities. Second, Cubit's violation history is not nearly identical to Ernst's. Although Cubit faced allegations of sexual harassment, the Hospital determined that the claims were unsubstantiated. By comparison, the Hospital determined that the allegations against

---

[1] *McDonnell Douglas Corp. v. Percy Green*, 411 U.S. 792, 802 (1973).

[2] *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

Ernst were substantiated by the surveillance footage and his termination justified by his conflicting accounts of what happened. Third, Cubit did not replace Ernst. A worker is not replaced when his responsibilities are redistributed to other workers.[3] After Ernst's termination, his position was dissolved and his duties were distributed to lower analysts. Last, it is noteworthy that the Hospital later terminated Cubit in similar fashion for lying during an investigation of an unrelated matter. Consequently, Ernst's discrimination claim fails before it takes flight.

4. *Pretext.*

Even if Ernst had established a *prima facie* case for discrimination his claim would still fail. Once a *prima facie* case is established, the Hospital must give a legitimate, non-discriminatory reason for Ernst's termination. If the Hospital succeeds, the presumption of discrimination is rebutted and Ernst is tasked with proving that the Hospital's proffered reason is just a pretext for discrimination.[4]

Ernst was fired not only for making offensive gestures to the job candidate, but also for being dishonest during the investigation. Ernst gives no evidence that the Hospital was motivated by race. To the contrary, Ernst admitted that he did not think that the Hospital's security services manager, director of HR, vice president of HR, executive vice president, nor anyone on the committee had any discriminatory animus towards him.

Also, one would be remiss to ignore the fact that the Hospital had previously promoted him to a senior position and that his termination was supported by both white and non-white decision-makers. The most Ernst could muster in support of his claim was that many of his co-workers were African-American and that he felt they were more friendly towards each other than to him. Title VII demands more.

5. *Conclusion.*

A candidate for a position at the Houston Methodist Hospital filed a complaint against James Ernst for making sexual gestures at him. The Hospital fired Ernst after

---

[3] *Nadean Griffin et al., v. Kennard Indep. Sch. Dist.*, 567 F. App'x 293, 294-95, (5th Cir. 2014).

[4] *LaBrittany Hassen v. Ruston Louisiana Hosp. Co., LLC*, 932 F.3d 353, 356 (5th Cir. 2019).

interviewing witnesses, watching footage of the encounter, and hearing Ernst's side of the story. On review, Ernst's superiors and a committee of his disinterested co-workers supported his termination. Ernst reported his firing to the Equal Employment Opportunity Commission to no avail. The EEOC found no basis to support his claim that he experienced race-based discrimination.

Ernst sued the Hospital under Title VII, but fails to establish a *prima facie* case for his claim. Regardless, the evidence shows that there was no discriminatory animus motivating James Ernst's termination at the Houston Methodist Hospital.

Signed on ~~June~~ May 28, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge